UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal Case No. 05-458 (HHK) |
| : | |
| SEAN L. JORDAN, : | |
| : | |
| Defendant. : | |
| : | |

## UNITED STATES' MOTION TO ADMIT OTHER CRIMES EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to permit the introduction of prior convictions and misconduct, all of which is relevant to prove defendant's intent, knowledge, motive, plan, preparation, and absence of mistake, pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)") . In support of its motion, the United States relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on this matter:

### Factual Summary

1. The defendant is charged in a one count indictment with the following crime: Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. §922(g)(1).

2. At a hearing or trial in this matter, government counsel expects the evidence for these charges to demonstrate substantially as follows: On November 16, 2004, the U.S. Bureau of Prisons issued an Escaped Federal Prisoner Notice for the defendant, Sean L. Jordan. The offense underlying that escape, like the instant offense, was Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term

Exceeding One Year, in violation of 18 U.S.C. §922(g)(1). On July 29, 2005, members of the D.C. Capital Area Regional Fugitive Task Force ("CARFTF") arrested the defendant based upon the Escape warrant which had issued by the Bureau of Prisons. The defendant was arrested at 1203 7th Street, NW, Apartment #304. At the time of his arrest, the defendant was hiding in a water heater closet. Inside of the closet next to the defendant was a blue backpack which contained a loaded Intratec 9mm Luger semi-automatic pistol, Model TEC-DC9, with an obliterated serial number. The weapon had one round of ammunition chambered and twenty-five (25) rounds of ammunition in the magazine. The weapon was test fired and found to be fully functional.

## Argument

1.  The government seeks to introduce evidence of the defendant's previous gun and drug convictions, as well as his escape status at the time of his arrest in the instant case, pursuant to Rule 404(b).

2.  Regarding the defendant's prior misconduct and convictions, the government intends to introduce evidence of the underlying facts and circumstances related to the following convictions:

   a. Defendant's conviction dated July 18, 2002 for Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. §922(g)(1), in the U.S. District Court for the District of Columbia, Case Number 01-391 (TPJ).

      b. Defendant's conviction dated December 29, 1994 for Possession with Intent to Distribute Cocaine, Case Number CF940659, in the Circuit Court for the City of Alexandria, Virginia

      c. Defendant's conviction dated May 22, 1997 for Distribution of Cocaine, Case Number CF970172, in the Circuit Court of the City of Alexandria, Virginia.

    3. Under Rule 404(b), the aforementioned prior drug and gun offenses, and the defendant's attempt to hide himself in a closet on the day of his arrest, provide proof in this case that the defendant's possession of the firearm on or about July 29, 2005, was done knowingly and intentionally, and was not the result of inadvertence, mistake, or accident.[1] They also provide proof of motive, intent, plan and preparation in the usage and possession of a firearm, since it is reasonable to presume that one engaged in the endeavor of the distribution of narcotics, be it for profit or otherwise, would want to protect his valuable contraband as well as himself from competing drug suppliers, and therefore would require knowledge of how to procure and handle a firearm. These prior weapons and drug offenses demonstrate that this defendant possessed such knowledge and expertise, and planned accordingly.

    4. Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake. See United States v. Bowie, 232 F.3d 923, 926, 930 (D.C. Cir. 2000). Importantly, this rule is one of "inclusion rather than exclusion." Id. at 929. As the Court of Appeals has noted en banc, while the first sentence of

---

[1] The Government will provide discovery to defense counsel regarding the aforementioned convictions.

the rule is framed restrictively, the rule is actually quite permissive, prohibiting the admission of other crimes evidence in but one circumstance – for the purpose of proving that a person's actions conformed to his character. United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998). In short, Rule 404(b) bars "not evidence as such, but a theory of admissibility." Id. at 1202. As the Court stated in United States v. Cassell, 292 F.3d 788, 795 (D.C. Cir. 2002) (citing United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original), "[t]rue, the evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does not thereby render it inadmissible. To reiterate what we have stated before . . . under Rule 404(b), 'any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.'"

     5.     Such evidence is of course subject like all evidence to the strictures of Rule 403. Thus, the admissibility of other crimes evidence rests on a two-step inquiry: 1) whether the other crimes evidence is relevant to an issue other than the defendant's character or propensity, and if so, 2) whether the evidence is admissible under Rule 403 because its probative value is not substantially outweighed by the danger of unfair prejudice. United States v. Moore, 732 F.2d 983, 987 (D.C. Cir. 1984).

     6.     As its language reflects, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases" -- even when other crimes evidence is involved. Moore, 732 F.2d at 989. See Huddleston v. United States, 485 U.S. 681, 688-89 (1988) ("Congress was

not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence").[2]

7. In the instant case, the government must prove that the defendant knowingly and intentionally possessed the gun and the ammunition that were ultimately recovered from near his person.  This means consciously, voluntarily, and on purpose, not mistakenly, accidentally, or inadvertently." See Criminal Jury Instructions (the "Red Book"), Instruction 4.79.  The jury will be instructed that "[m]ere presence near something or mere knowledge of its location is not enough to show possession." Red Book, Instruction 3.08.  Each of these elements is directly addressed by the proffered evidence.

8. "As the Supreme Court has noted, 404(b) evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct." United States v. Clarke, 24 F.3d 257, 265 (D.C. Cir. 1994) (citing Huddleston, 485 U.S. at 685) (emphasis added in Clarke).  Indeed, the Rule 404(b) evidence the government seeks to admit at trial, i.e. prior possession to prove knowledge, intent, and absence of mistake regarding current possession is precisely the same sort of other crimes evidence for which

---

[2] As for the burden that must be met in presenting other crimes evidence, the Court is not required to make any sort of preliminary finding or to weigh the evidence as to the other crimes. Indeed, as the Supreme Court has emphasized, "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." Huddleston, 485 U.S. 690 (emphasis added).  Instead, the trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence." Id. at 690. And in doing so, the trial court must consider all the pieces of evidence presented to the jury, both as to the other crimes evidence and the charged conduct. Ibid.

admission at trial has been upheld in the past.  For example, in Crowder, other crimes evidence was admitted to show the defendant's knowledge, intent, and motive.  The Court in Crowder stated:

> A defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion.  But it can show that he knew how to get drugs, what they looked like, where to sell them and so forth.  Evidence of a defendant's experience in dealing drugs -- evidence that is, of his "bad acts" -- thus may be a "brick" in the "wall" of evidence needed to prove possession.  See Fed.R.Evid. 401, advisory committee notes.

Id. at 1209 n. 5.  The government seeks to do nothing more in the instant case – i.e., to show the defendant's intent, knowledge, motive, plan, opportunity and absence of mistake with respect to the gun he possessed.  Id.

9.     All of the "other crimes" evidence described above is highly probative of the defendant's knowing and intentional possession of the gun and ammunition in this case. Moreover, this evidence is also probative in showing that the defendant's possession of the gun and ammunition were not the result of mistake or accident.  The significant probative value of the evidence here is clearly not outweighed by the danger of unfair prejudice in this case. Whatever prejudice the defendant may perceive, moreover, can adequately be addressed through the use of a limiting instruction to the jury.

10.     Numerous cases in this Circuit and others demonstrate that evidence of a prior or subsequent possession of firearms and drugs is admissible as 404(b) evidence.  See United States v. Cassell, 292 F.3d 788, 792 (D.C. Cir. 2002) (evidence of defendant's prior gun possessions admissible under Rule 404(b) "because it was relevant to show knowledge of, and intent to possess, the firearms recovered from his room").  As the Court of Appeals noted in Cassell,

"[w]e have previously held that 'in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged." Id. at 793 (citation omitted).

11. In United States v. Brown, 16 F.3d 423, 424-26 (D.C. Cir. 1994), the defendant had been charged with multiple drug and firearms offenses. The police executed a search warrant at a co-defendant's home and recovered drugs and guns in a safe, and the co-defendant and fingerprint evidence indicated the items in the safe belonged to defendant Brown. Id. at 423-26. When arrested three months later, defendant Brown was carrying a pistol and pager, and additional charges for this gun were added to a superceding indictment. Id. at 424.

12. In addressing the conceded misjoinder, the Court held that the misjoinder was not prejudicial because, among other reasons, the evidence of the additional firearm on defendant Brown's person would have been admissible under Rule 404(b) in a trial of the original charges for the items in the safe. Id. at 429, 430-32. Specifically, the Court found that the gun recovered during the arrest was cross-admissible under 404(b) "because it was relevant to show intent, knowledge or absence of mistake with respect to the firearms found in the safe during the November Search." Id. at 431. As the Court commented in next finding the evidence admissible under Rule 403, the evidence of defendant Brown's subsequent possession of a firearm "tends to make it less probable that the pistols found in the safe during the November Search were there by mistake or without intent." Id. at 432. While the fact that defendant Brown was arrested while carrying a pistol "could be a very prejudicial fact . . . . this prejudicial fact has considerable probative weight. Therefore, the gun, while a close call, also was cross-admissible." Id. at 432.

See also United States v. Toms, 136 F.3d 176, 183-84 & nn. 11-12 (D.C. Cir. 1998) (in constructive possession case, evidence of prior drug activities and firearm possession was admissible to show intent, motive, knowledge, and/or absence of mistake with respect to the instant firearm); United States v. Latney, 108 F.3d 1446, 1448 (D.C. Cir.), cert. denied, 522 U.S. 940 (1997) (evidence of defendant's other possession of crack admissible in trial charging aiding and abetting distribution of crack); See also Clarke, 24 F.3d at 264 (evidence of prior sales of cocaine by defendants admissible to establish intent regarding their possession of large amounts of cocaine on dates charged in the indictment); United States v. Washington, 969 F.2d 1073, 1080-81 (D.C. Cir. 1992), cert. denied, 507 U.S. 922 (1993) (when defendant charged with distribution and possession with intent to distribute drugs, 404(b) evidence of his prior drug transactions was admissible to demonstrate intent, knowledge, plan and absence of mistake); United States v. Harrison, 679 F.2d 942, 948 (D.C. Cir. 1982) (evidence of defendant's prior drug trafficking admissible in trial of charges of possession with intent to distribute drugs to show intent, preparation, plan and knowledge); United States v. (Michael) Johnson, 40 F.3d 436, 441 n.3 (D.C. Cir. 1994) (proper to admit evidence of a prior drug transaction as bearing on intent to possess), cert. denied, 514 U.S. 1041 (1995).

13.   Several decisions from other circuits have similarly held that possession of narcotics and/or firearms on one occasion is probative of possession on an earlier or later occasion. See United States v. Mills, 29 F.3d 545, 548-49 (10th Cir. 1994) (in Section 922(g)(1) prosecution, evidence of earlier possession of firearms properly admitted under Rule 404(b) as proof of knowing possession); United States v. Brown, 961 F.2d 1039, 1042 (2d Cir. 1992) (in prosecution for possession of unregistered machine gun, evidence of defendant's simultaneous

and subsequent possession of handguns properly admitted under Rule 404(b) as proof of defendant's knowledge and absence of mistake or accident); United States v. Gomez, 927 F.2d 1530, 1553-54 (11th Cir. 1991) (in trial involving carrying a firearm in connection with a drug trafficking offense, evidence of prior gun possession properly admitted under Rule 404(b) to prove, inter alia, absence of "accident or coincidence"); United States v. Williams, 895 F.2d 1202, 1204-06 (8th Cir. 1990) (evidence that defendant was found with guns and drugs in 1986 and 1987 was relevant to show that it was no mistake or accident that defendant had guns and drug paraphernalia in his apartment during execution of search warrant in 1988, and to show knowledge); United States v. Teague, 737 F.2d 378, 379-81 (4th Cir. 1984) (in prosecution of a felon for possession of a gun, evidence of his subsequent offer to sell a gun was admissible under Rule 404(b) as evidence of intent, knowledge, and absence of mistake in his possession of the gun).

   14. Recently, the D.C. Circuit held that the Government may not introduce evidence of a prior gun possession to prove that the accused actually possessed a gun at a later point in time. See United States v. Harold Linares, 367 F.3d 941 (D.C. Cir. 2004). In Linares, the court held that evidence of prior possession of a handgun was not admissible pursuant to Rule 404(b) to show knowledge in a prosecution pursuant to 18 U.S.C. § 922(g)(1), where the defendant was alleged to have had actual possession of the gun. The court reasoned that in light of the Government's other evidence presented at trial, a reasonable juror could have found that the defendant possessed the firearm only by concluding that he held it in his hand. However, under the facts of the instant case the Government will be proceeding using a theory of constructive

possession as to the gun and ammunition; accordingly, <u>Linares</u> does not control the Rule 404(b) inquiry.

15.     Even if the Court determines that <u>Linares</u> controls in this case, there are significant factors which distinguish this case from the facts in <u>Linares</u>.  Unlike in <u>Linares</u>, a jury in this case may reasonably doubt any proof of actual possession and focus on the issue of constructive possession, for which knowledge is a contested issue.  At this time, there is no evidence that defendant Jordan was ever observed in actual possession of the firearm seized from the water heater closet in which he was hiding.  Even if the jury is to credit the police officers' testimony regarding the location of the gun, it could still find that the defendant did not have knowledge of the presence of the gun recovered from the water heater closet.

16.     Therefore, unlike in <u>Linares</u>, the jury could reasonably find that the defendant did not touch the gun or ammunition in the police officers' presence, but that he nonetheless had the power to exercise control over these items.  However, the jury could also reasonably doubt that the defendant knew about the presence of the gun and/or ammunition found inside the water heater closet.  Nowhere does <u>Linares</u> suggest that under such circumstances it is error to admit evidence offered to establish the defendant's knowledge.  The proffered evidence will clearly demonstrate the defendant's specific intent, motive, knowledge, and the absence of mistake.

WHEREFORE, for the reasons stated above, the United States respectfully submits that the government's motion to admit other crimes evidence pursuant to Federal Rule of Evidence 404(b) should be granted.

    Respectfully submitted,

    KENNETH L. WAINSTEIN
    UNITED STATES ATTORNEY
    BAR NO. 451058

    _____

    ROBERT J. FEITEL
    ASSISTANT UNITED STATES ATTORNEY
    D.C. BAR NO. 433-180
    FEDERAL MAJOR CRIMES SECTION
    202.353.3706

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing United States' Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b) is to be served upon counsel for the defendant, Jonathan Jeffress, Esquire, this 9th day of June 2006.

                                                                ROBERT J. FEITEL
                                                                 ASSISTANT UNITED STATES ATTORNEY