UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 05-458 (HHK) |
| | : | |
| v | : | |
| | : | |
| SEAN L. JORDAN, | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES' MOTION TO IMPEACH DEFENDANT WITH HIS PRIOR CONVICTIONS PURSUANT TO RULE 609

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to permit the introduction of defendant's prior convictions for impeachment purposes should the defendant elect to testify at trial in the above-captioned case. In support of this motion, the government relies on the following points and authorities and such other points and authorities that may be adduced at a hearing on the matter:

1. The defendant has been charged in a one-count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

2. The defendant's prior convictions are as follows:

| OFFENSE | CASE NUMBER | JURISDICTION | SENT | DATE |
|---|---|---|---|---|
| Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year | 01-00391 (TPJ) | U.S. District Court for the District of Columbia | 47 months and 3 years Supervised Release | 07/18/02 |

1

| OFFENSE | CASE NUMBER | JURISDICTION | SENT | DATE |
|---|---|---|---|---|
| Possession with Intent to Distribute Cocaine | CF940659 | Circuit Court for the City of Alexandria, Virginia | Unknown | 12/29/94 |
| Distribution of Cocaine | CF970172 | Circuit Court for the City of Alexandria, Virginia | 5 years, 3 years of which was suspended; 5 years unsup. probation | 05/22/97 |

3.  Federal Rule of Evidence 609(a)(1) provides for the admission of prior felony convictions of a defendant for impeachment purposes, subject to the time constraints of Rule 609(b), if the Court determines that the probative value of the evidence outweighs its prejudicial effect to the defendant. Here, the defendant's convictions clearly qualify and meet the requirements of Rule 609(b).

4.  In evaluating whether the probative value of these convictions outweighs their prejudicial effect, the trial court should begin with the premise, articulated by the D.C. Circuit, sitting en banc, that all felony convictions which meet the ten-year time limit prescribed in Rule 609(b) are at least somewhat probative of the defendant's credibility. United States v. Lipscomb, 702 F.2d 1049, 1062 (D.C. Cir. 1983) (en banc). In performing Rule 609(a)(1)'s balancing test of probativeness versus prejudice, the Lipscomb court held that the trial court has discretion to decide how much background information about the conviction, if any, it needs in performing its analysis. Id. at 1051, 1073.

5.      As noted by the Court of Appeals, "[c]ourts should be reluctant to exclude otherwise admissible evidence that would permit an accused to appear before a jury as a person whose character entitles him to complete credence when his criminal record stands as direct testimony to the contrary." United States v. Lewis, 626 F.2d 940, 950 (D.C. Cir. 1980) (citation omitted).  In Lewis, the defendant was charged, among other things, with distribution of phenmetrazine; after taking the stand, he was impeached with evidence that he had been convicted several years before for distributing drugs in violation of the Controlled Substances Act.  Id. at 943, 947.  The court held that there was no error in admitting evidence of the defendant's prior conviction (which involved the distribution of heroin, id. at 944), noting that "[t]he fact that the prior felony conviction was for a narcotics offense, and the defendant was again being tried for a similar offense, does not render the prior conviction inadmissible," and directing that in such circumstances a limiting instruction should be given to the jury.  Id. at 950.[1]

6.      Even considering that every impeachment by prior conviction involves some inherent prejudice to a defendant, that prejudice by itself should not be enough to preclude the government's impeachment of the defendant in this case.  Cf. Lipscomb, 702 F.2d at 1062 ("[w]hen the defendant is impeached by a prior conviction, the question of prejudice . . . is not if,

---

[1] To be sure, the court in Lewis acknowledged that in a narcotics prosecution a prior narcotics conviction carries more prejudice, and it noted that in this case the evidence of the conviction carried more probative value where the defendant had testified that he was not knowledgeable about drug transactions.  Id. at 951.  Nonetheless, as the Court of Appeals noted en banc, this additional factor was not critical in determining that the probative value of the conviction outweighed its prejudice.  While Lewis might at first be considered a "special" case because the prior conviction served not only to impeach credibility but also to rebut specific testimony, the Court in Lipscomb commented, "our analysis did not treat this [additional] reason as critical" in holding the conviction admissible under the balancing test.  Lipscomb, 702 F.2d at 1058, n.35 (en banc).

but how much") (emphasis in original).  Should the defendant testify in this case, the issue of his credibility will be a central issue for the jury.  The probative value of the convictions in assessing that credibility, involving as it does a serious and somewhat recent offense,  clearly outweighs whatever prejudice there may be to the defendant  -- particularly given the limiting instruction that can be given to the jury in order to preclude  its use of such evidence for an improper purpose.

WHEREFORE, for the reasons stated above, the United States respectfully requests that this Honorable Court grant the United States' motion to impeach the defendant's credibility with his prior convictions should he testify at trial.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
Bar No. 451058

---

Robert J. Feitel
Assistant United States Attorney
DC Bar No. 433-180
Federal Major Crimes Section
555 Fourth Street, N.W.
Room #4235
Washington, DC 20530
Phone: 202.353.3706
Fax: 202.616.3782

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that I caused a copy of the foregoing United States' Motion to Impeach Defendant with his Prior Convictions Pursuant to Rule 609, to be served upon the attorney for the defendant, Mr. Jonathan Jeffress, Assistant Federal Public Defender, this 9th day of June 2006.

_____
Robert J. Feitel
Assistant United States Attorney